**Walter Eugene WINBERRY, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

### No. 10189.

Missouri Court of Appeals, Springfield District.

Oct. 1, 1976.

L. Dwayne Hackworth, Piedmont, for movant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

Before BILLINGS, C. J., and STONE and TITUS, JJ.

BILLINGS, Chief Judge.

Walter Eugene Winberry filed a Rule 27.26, V.A.M.R., motion to vacate his 15-year prison sentence. The sentence followed his 1972 plea of guilty to the charge of felonious assault with intent to kill with malice aforethought [§ 559.180, RSMo 1969]. His motion alleged the sentence exceeded that authorized by law, he was denied the services of a private psychiatrist at state expense, and his counsel was ineffective for various stated reasons.

The trial court conducted an evidentiary hearing and entered findings of fact and conclusions of law adverse to movant's grounds concerning his attorney and the failure to provide him a private psychiatrist. Because the certified copy of sentence and judgment under which movant was committed to the Department of Corrections omitted the term "with malice aforethought," the court set aside and vacated the original sentence and after granting movant allocution, re-sentenced him on his original guilty plea.[1] We affirm.

The sentence imposed, initially and upon re-sentence, to the charge and movant's plea of guilty thereto, is not in excess of the punishment permitted and authorized by § 559.180. Both the original information (charging defendant and others) and the amended information (charging defendant) clearly charged the defendant with felonious assault with intent to kill with malice aforethought. The transcript of movant's guilty plea demonstrates the movant voluntarily and understandingly entered his guilty plea pursuant to an agree-

1. From the record before us it appears the judgment as entered by the clerk erroneously omitted "with malice aforethought." If such was the case, the trial court was empowered to correct the judgment nunc pro tunc to accurately reflect the judgment which in fact was rendered. *McCarthy v. Eidson,* 262 S.W.2d 52 (Mo. banc 1953).

ment that the state would recommend a 15-year sentence. The "bargain" was kept and the court imposed the sentence after carefully questioning the movant in detail before accepting his guilty plea.[2]

██ The trial court found movant had been given a psychiatric examination and the report concluded nothing was wrong with him. The report, prepared by doctors at Fulton State Hospital, was introduced at the evidentiary hearing and clearly supports the lower court's finding. Movant's point is without merit.

██ Movant's claim of ineffective assistance of counsel was rejected by the trial court and we cannot say this finding was erroneous. At the hearing movant first stated he wished to withdraw the complaints against the attorney, then equivocated as to whether he was claiming his attorney was ineffective, and then offered several alleged reasons why he deemed his attorney ineffective. The testimony of his attorney and the transcript of his guilty plea refuted movant's charges.

The judgment entered by the trial court is not clearly erroneous and is affirmed.

All concur.

2. For reasons not clear, two days after the original sentence and judgment, the trial court offered movant the opportunity to withdraw his plea of guilty. Movant replied: "No, sir, let it stand."